JOHNSON v. NATURAL RESOURCES AND COMMUNITY DEVELOPMENT

[98 N.C. App. 334 (1990)]

———————————

FIN JOHNSON v. NATURAL RESOURCES AND COMMUNITY DEVELOPMENT

No. 8810SC880

(Filed 1 May 1990)

**Administrative Law § 44 (NCI4th)— discharge of state employee— exempt policymaking position—administrative procedure**

    The appeal of a state employee who was discharged from an exempt policymaking position with the Department of Natural Resources and Community Development was remanded to the Office of Administrative Hearings where petitioner was employed as the Section Chief of the Air Quality Section of the Division of Environmental Management of the Department of Natural Resources and Community Development; that position was designated as an exempt policymaking position in 1985; petitioner was discharged with the stated reason for dismissal being deficient job performance in failing to exercise leadership in presenting feasible proposals for effecting required budget and staff reductions; petitioner contested by petitioning the Office of Administrative Hearings; the Administrative Law Judge recommended that the State Personnel Commission reassign petitioner to a job in the same grade and with full back pay and benefits; the recommended decision was sent to the State Personnel Commission; the State Personnel Commission adopted the Administrative Law Judge's findings but dismissed the appeal for lack of jurisdiction because petitioner was in an exempt position; and the Superior Court of Wake County ruled that the Personnel Commission had

erred, that the Administrative Law Judge had been correct, and directed the State Personnel Commission to make proper conclusions. N.C.G.S. §§ 150B-36 and 150B-37 direct that the recommended decision or order made by the Administrative Law Judge be forwarded to the employer administrative agency for a review and final decision and no statutory authority authorizes the State Personnel Commission to review the Administrative Law Judge's recommended decision in a case involving an exempt employee, nor does any statute provide that an exempt employee in a case such as this is entitled to the protections and safeguards of Art. 8 of N.C.G.S. Ch. 126, as the superior court ruled. The matter was thus returned to the Office of Administrative Hearings with the directive that its recommended decision be forwarded to the Department of Natural Resources and Community Development for a final administrative determination.

**Am Jur 2d, Public Officers and Employees §§ 256, 257, 263-265.**

APPEAL by respondent from judgment entered 22 April 1988 by *Stephens, Judge*, in WAKE County Superior Court. Heard in the Court of Appeals 15 March 1989.

*Anderson, Schiller & Rutherford, by Marvin Schiller, for petitioner appellee.*

*Attorney General Thornburg, by Assistant Attorney General Francis W. Crawley, for respondent appellant.*

PHILLIPS, Judge.

This case concerns the discharge of a state employee who had an exempt policymaking position under the provisions of G.S. 126-5(c)(3) and (d)(5). Since administrative agencies may validly do only those things the Legislature authorizes them to do, *State ex rel. Commissioner of Insurance v. North Carolina Rate Bureau*, 300 N.C. 381, 269 S.E.2d 547, *reh'g denied*, 301 N.C. 107, 273 S.E.2d 300 (1980), the decisive question presented is whether the administrative course that was followed in processing petitioner's case was authorized by statute.

The facts pertinent to this question follow: Before being discharged on 10 September 1986, petitioner had been employed by

the North Carolina Department of Natural Resources and Community Development for approximately sixteen years. When discharged he was Section Chief of the Air Quality Section of the Division of Environmental Management, a position he had held since 1982 and that was designated as an exempt policymaking position pursuant to G.S. 126-5(c)(3) and (d)(5) on 1 May 1985. The stated reason for the dismissal was a deficient job performance in that he failed to exercise leadership in presenting feasible proposals for effecting required budget and staff reductions. Johnson contested the dismissal by petitioning the Office of Administrative Hearings to review the circumstances under the provisions of Chapter 150B of the General Statutes, the Administrative Procedure Act. The issues raised by the petition were initially heard by Administrative Law Judge Genie Rogers, who in a Recommended Decision sent to the State Personnel Commission for review (1) found, in addition to the facts above stated, that prior to his dismissal petitioner had not been notified that his job performance was considered to be unsatisfactory; (2) concluded that petitioner was not afforded the procedural safeguards required for a "just cause" dismissal under the provisions of G.S. 126-5(e)(2) and G.S. 126-35; and (3) recommended that the State Personnel Commission reassign him to a job of the same grade as the position was before it was exempted from the Act with full back pay and benefits from the date of his dismissal. In reviewing the Recommended Decision the State Personnel Commission adopted the Administrative Law Judge's findings of fact as its own, but ruled that all her conclusions of law were erroneous and substituted the following conclusion in their place:

> Mr. Johnson occupied a position exempted from certain portions of the State Personnel Act and certain policies of this Commission. Persons who occupy positions exempted as making policy under G.S. 126-5(c)(3) are not subject to Article 8 of Chapter 126, neither are they subject to this Commission's policies on discipline and dismissal. For those reasons, this Commission concludes that it has no jurisdiction over this matter and orders that Petitioner's appeal be dismissed for lack of jurisdiction.

Petitioner appealed this decision to the Superior Court of Wake County, which ruled that the conclusion of the State Personnel Commission was erroneous, all conclusions of the Administrative Law Judge were correct, the Personnel Commission did have jurisdic-

tion over the case, and directed the Commission upon remand to make proper conclusions of law upon the facts found, which it also approved.

That the case was properly started before the Office of Administrative Hearings is clear and not disputed. The dispute concerns the review of the Recommended Decision of the Administrative Law Judge by the State Personnel Commission. As the appellant maintains, and the State Personnel Commission ruled, the Legislature has not authorized the Commission to review cases involving the discharge of an exempt policymaking employee and thus the Commission was without jurisdiction.

Under the State Personnel Act, Chapter 126 of the General Statutes, there are two specific classes of employees—exempt and nonexempt; the two classes have different employment and dismissal rights and their cases are processed differently. The *exempt* employees are the relatively few who hold policymaking positions subject to political appointment and are generally exempt from the protections and safeguards of the Act; the *nonexempt* employees comprise the vast rank and file and are fully protected by the Chapter. As to the dismissal of employees, Article 8 of Chapter 126 of the General Statutes by G.S. 126-35, *et seq.*, provides that *nonexempt* permanent employees subject to the Act can be dismissed only for "just cause" after written specifications, an opportunity to appeal to the department head, and other formalities have been complied with. On the other hand G.S. 126-5, which exempts policymaking positions from the protection of the Act except for certain purposes irrelevant to this case, by its subsection (5)(e) authorizes department heads to transfer, demote, or separate exempt employees without restriction, subject only to the employee's rights, if he meets the accumulated service requirements of the statute and is removed from the exempt position for "reasons other than just cause." G.S. 126-5(h) provides that in case of dispute as to whether an employee is subject to the provisions of the Chapter—and such a dispute exists here—"the dispute shall be resolved as provided in Article 3 of Chapter 150B." That Article in pertinent part provides as follows: G.S. 150B-23(a) provides that a contested case is commenced by filing a petition with the Office of Administrative Hearings, which assigns a judge to hear the case; G.S. 150B-34(a) directs the Administrative Law Judge assigned to the case to make a recommended decision or enter an order containing findings of fact and conclusions of law; G.S. 150B-36

and G.S. 150B-37 direct that the recommended decision or order be forwarded to the employer administrative agency for a review and final decision; G.S. 150B-43 and G.S. 150B-45 permits that decision to be judicially reviewed by the Superior Court of Wake County at the request of any aggrieved person who has exhausted all administrative remedies and complies with the statutory provisions; and G.S. 150B-52 permits the final judgment of the Superior Court to be appealed here. But no statute in either Chapter authorizes the State Personnel Commission to review the Administrative Law Judge's recommended decision in a case involving an exempt employee; nor does any statute provide that an exempt employee in a case such as this is entitled to the protections and safeguards of Article 8 of Chapter 126, as the Superior Court ruled.

In arriving at this decision it was not necessary to resort to the nice refinements of statutory interpretation that the parties argue in the briefs. For the statutes referred to make plain that for the purposes of dismissal and discipline nonexempt permanent employees are fully protected by the Act and exempt employees generally are not; and that the administrative review route for cases involving the dismissal of exempt employees is through the employer agency, rather than the State Personnel Commission. Thus, we return the matter to the Office of Administrative Hearings with the directive that its recommended decision be forwarded to the Natural Resources and Community Development Department for a final administrative determination as to whether the petitioner, as an exempt employee, was properly dismissed for just cause, G.S. 126-5(e)(2); and if not, whether he is entitled to the reassignment rights that the Administrative Law Judge recommended.

Reversed and remanded.

Judges JOHNSON and COZORT concur.